IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| WILLIAM RANDALL | § |
| | § |
| | § CIVIL NO._____ |
| VS. | § |
| | § |
| | § |
| UNITED PETROLEUM TRANSPORTS, | § |
| INC. | § |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**I. JURISDICTION AND PARTIES**

1. Jurisdiction of this Court is invoked pursuant to Section 107(a) of the Americans with Disabilities Act (hereinafter "ADA"), 42 U.S.C. § 12117, which incorporates by reference § 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5.

2. All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. § 2000e-5(f)(3), have occurred or been complied with.

   (a) a charge of employment discrimination on the basis of disability was filed with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the commission of the unlawful employment practice alleged herein.

   (b) A Notification of Right to Sue was received from the EEOC on February 7, 2014.

   (c) This Complaint has been filed within 90 days of receipt of the EEOC's Notification of Right to Sue.

3. Plaintiff, William Randall, is a citizen of the United States and the State of Texas who resides in Upshur County, Texas.

4. All the discriminatory employment practices alleged herein were committed within the State of Louisiana.

5. Defendant, United Petroleum Transports, Inc. (hereinafter "UNITED") has continuously

been and is doing business in Caddo Parish, Louisiana. UNITED may be served by delivering a copy of the Complaint to its registered agent for service, C T Corporation System, 5615 Corporate Blvd., Ste. 400B, Baton Rouge, LA 70808.

6. UNITED is a "person" within the meaning of § 101(7) of the ADA, 42 U.S.C. § 12111(7), and § 701 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

7. UNITED is engaged in an industry that affects commerce within the meaning of Section 101(7) of the ADA, 42, U.S.C. § 12111(7), and Section 701 of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

8. UNITED employs 15 or more employees and is an "employer" within the meaning of Section 101(5)(A) of the ADA, 42 U.S.C. § 12111(5)(A).

## II. STATEMENT OF FACTS

9. Plaintiff was employed by UNITED in August 2012 as a Dispatcher in Greenwood, Louisiana.

10. After work hours on February 15, 2013, Plaintiff suffered a seizure and was taken by ambulance to the emergency room at Good Shepherd Medical Center in Longview, Texas.

11. Plaintiff was temporarily unable to return to work as a result of being placed under doctor's orders for a seizure disorder.

12. Plaintiff immediately notified UNITED of the situation and kept in constant contact with them in order to keep them up to date.

13. Plaintiff was terminated on March 7, 2013 for poor job performance.

14. Plaintiff was still on medical leave at the time of termination.

15. Plaintiff received excellent marks on his last work evaluation given to him 2-3 weeks before the seizure.

### III. CLAIMS FOR RELIEF

### (A) Americans with Disabilities Act

16. From the time of Plaintiff's diagnosis, Plaintiff has been an individual with a "disability" within the meaning of Section 3(2) of the Americans with Disabilities Act, 42 U.S.C. § 12102(2). More particularly, Plaintiff has a physical impairment that substantially limits one or more of his major life activities, has a record of such an impairment, and is regarded by UNITED as having such an impairment.

17. Plaintiff is a "qualified individual with a disability" as that term is defined in § 101(8) of the ADA, 42 U.S.C. § 12111(8). More specifically, Plaintiff is an individual with a disability who, with reasonable accommodation, can perform the essential functions of his job as a Dispatcher at UNITED.

18. UNITED's failure to make reasonable accommodation to Plaintiff's physical disability constitutes discrimination against Plaintiff with respect to terms, conditions, or privileges of employment. UNITED's actions constitute a violation of Section 102(b)(5)(A) of the ADA, 42 U.S.C. § 12112(b)(5)(A).

19. UNITED failed to undertake any good faith efforts, in consultation with Plaintiff, to identify and make a reasonable accommodation with Plaintiff.

20. In failing to make reasonable accommodation to Plaintiff's physical disability, UNITED acted with malice or with reckless indifference to the federally protected rights of Plaintiff.

### IV. DAMAGES

21. As a direct and proximate result of UNITED's discrimination on the basis of disability, Plaintiff has suffered lost wages and benefits and lost employment opportunities.

22. Plaintiff would show that Defendant intentionally violated the ADA and is therefore liable to Plaintiff for liquidated damages.

23. Defendant's failure to make reasonable accommodation to Plaintiff has caused, continues to cause, and will cause Plaintiff to suffer substantial damages for pecuniary losses, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

24. Defendant intentionally inflicted extreme emotional distress upon Plaintiff by intentionally discharging Plaintiff on the basis of his disability. Plaintiff has suffered extreme emotional distress, embarrassment, severe disappointment, indignation, shame, despair, and public humiliation due to Defendant's discharge of Plaintiff.

25. Plaintiff's harm was a result of the Defendant's actual malice or reckless indifference to Plaintiff's state-protected rights, thus Plaintiff seeks exemplary damages.

26. Plaintiff is entitled to recover his reasonable and necessary attorney's fees pursuant to 29 U.S.C. § 626.

27. Plaintiff demands trial by jury.

## V. RELIEF REQUESTED

28. Plaintiff requests the judgment of this Court against Defendant, UNITED as follows:

   (a) Find and hold that Plaintiff has suffered from Defendant's acts of discrimination on the basis of his disability;

   (b) Order that Plaintiff be awarded the back pay he would have earned, with related monetary benefits and interest thereon, had he been reinstated to his position;

   (c) Order that UNITED reasonably accommodate Plaintiff;

   (d) Award Plaintiff compensatory damages in an amount to be determined at trial of this matter;

   (e) Enjoin UNITED from any further prohibited discrimination against Plaintiff;

   (f) Requiring Defendant pay to Plaintiff damages for mental distress imposed upon Plaintiff through and as a result of the aforementioned discriminatory acts;

   (g) Award Plaintiff his attorney fees, including litigation expenses, and the cost of this action; and

   (h) Grant such other and further relief as may be just and proper.

Respectfully submitted,

___/s/_____
William S. Hommel, Jr.
State Bar No. 09934250
Hommel Law Firm
1404 Rice Road, Suite 200
Tyler, Texas 75703
(903) 596-7100
(469) 533-1618 Fax

ATTORNEY FOR PLAINTIFF